*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re GIBSON/MURPHY, Minors.

UNPUBLISHED
September 14, 2023

No. 364216
Van Buren Circuit Court
Family Division
LC No. 21-019474-NA

Before: SWARTZLE, P.J., and O'BRIEN and FEENEY, JJ.

PER CURIAM.

Respondent-mother appeals as of right the trial court order terminating her parental rights to the minor children under MCL 712A.19b(3)(c)(*i*) (conditions of adjudication continue to exist), MCL 712A.19b(3)(g) (failure to provide proper care and custody), and MCL 712A.19b(3)(j) (child will be harmed if returned to the parent). On appeal, respondent raises a single argument—that the trial court clearly erred by terminating her parental rights under MCL 712A.19b(3)(g). Yet petitioner was only required to establish one ground for termination, see *In re Powers Minors*, 244 Mich App 111, 119; 624 NW2d 472 (2000), so even if the trial court clearly erred by terminating respondent's parental rights under MCL 712A.19b(3)(g) as respondent argues, that would not entitle her to relief. For thoroughness, however, we have reviewed the record and conclude that, regardless of whether the trial court clearly erred by terminating respondent's parental rights under MCL 712A.19b(3)(g), the trial court did not clearly err when it terminated respondent's parental rights under MCL 712A.19(3)(c)(*i*). Accordingly, we affirm.

"A court may terminate a respondent's parental rights if one or more of the statutory grounds for termination listed in MCL 712A.19b(3) have been proven by clear and convincing evidence." *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). We review the trial court's determination for clear error. *Id.* "A trial court's decision is clearly erroneous if although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *Id.* at 41 (quotation marks and citation omitted). We give "deference to the trial court's special opportunity to judge the credibility of the witnesses." *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009).

Under MCL 712A.19b(3)(c)(*i*), a trial court may terminate parental rights if it finds by clear and convincing evidence that "182 or more days have elapsed since the issuance of an initial

dispositional order" and "[t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." In this case, the trial court entered an initial dispositional order in September 2021, and the termination hearing occurred in November 2022. Therefore, more than 182 days had elapsed since the issuance of an initial dispositional order as required by MCL 712A.19b(3)(c).

At adjudication, it was revealed that respondent had an extensive history of substance abuse, unstable housing, improper supervision, physical and medical neglect, emotional instability, and domestic violence relationships. The primary barrier underlying the adjudication in this case was respondent's extensive history of substance abuse. At the adjudication hearing, respondent admitted to having "an extensive history of substance abuse including methamphetamines," that she tested positive for methamphetamine three times in the last ten months, and that she refused two other drug screens in the days leading up to the filing of the petition.

Ample evidence supports that this condition continued to exist at the time of termination. Following the initial dispositional hearing on November 23, 2021, respondent tested positive for methamphetamine on January 4, 2022 and February 9, 2022, and on August 4, 2022, respondent tested positive for amphetamine and methamphetamine. Respondent otherwise refused to participate in random drug screenings,[1] and there is no record evidence of a negative drug screen. Respondent also failed to participate in substance-abuse counseling, despite such counseling being a recommended service.[2] At one point during the proceedings, respondent took positive strides towards addressing her issues with substance abuse by enrolling in a 30- to 90-day inpatient program, but she unfortunately chose to leave the program after only 3 days. Based on the foregoing, "the totality of the evidence amply supports that [respondent] had not accomplished any meaningful change in the conditions existing by the time of the adjudication." *In re Williams*, 286 Mich App 253, 272; 779 NW2d 286 (2009).

MCL 712A.19b(3)(c)(*i*) further requires the trial court to find that respondent would be unable to rectify the conditions that led to adjudication within a reasonable time considering the children's ages. At the time of termination, the children were 13 years old, 12 years old, and one year old. Respondent had over a year after the initial dispositional order in this case to rectify the conditions that led to adjudication, yet she made no progress towards meaningfully addressing her issues with substance abuse. Given respondent's utter lack of progress, we are not definitely and firmly convinced that the trial court erred when it found by clear and convincing evidence that

---

[1] While respondent testified that she did not report for random drug screenings because she had issues with transportation, others testified that the program had transportation to get respondent to the drug screens and that respondent was informed of this service.

[2] At the preliminary hearing, it was established that respondent had previously participated in substance-abuse counseling for 12 sessions, but respondent's counselor reported that respondent would not meaningfully engage in the counseling and that she was not "honest with self-reporting."

respondent would be unable to rectify the conditions that led to adjudication in a reasonable time considering the children's ages.

Accordingly, we conclude that the trial court did not clearly err when it found by clear and convincing evidence that petitioner established a ground for termination under MCL 712A.19b(3)(c)(*i*). Because petitioner was only required to establish one ground for termination, see *In re Powers Minors*, 244 Mich App at 119, we decline to address the alternative grounds found by the trial court.

Affirmed.

/s/ Brock A. Swartzle
/s/ Colleen A. O'Brien
/s/ Kathleen A. Feeney